IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>  vs.<br><br>GARY DAVIS,<br><br>                Defendant. | Criminal No. 01-0111 |

MEMORANDUM

Gary L. Lancaster,                                April 25, 2011
Chief Judge.

Defendant, Gary Davis, was sentenced to 24 months incarceration in the Western District of Pennsylvania after being convicted of a supervised release violation. Davis has filed a motion to reopen his supervised release violation hearing and modify his sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 24]. For the following reasons, and based upon the briefs filed in support of and in opposition to the motion, the court is persuaded that the present sentence is appropriate and that reopening Davis' supervised release hearing would be improper.

On October 17, 2006, while Mr. Davis was serving his supervised release sentence, the City of Duquesne Police Department arrested Mr. Davis on charges of Possession of a Controlled Substance (cocaine base) in violation of 35 P.S. § 780-113(a)(16), and Possession With Intent to Distribute a Controlled Substance (cocaine base) in violation of 35 P.S. § 780-113(a)(30). [Doc. No. 142]. On December 17, 2007, the Court of Common Pleas of Allegheny

County, Pennsylvania convicted Davis only of Possession with Intent to Distribute a Controlled Substance (cocaine base). On February 12, 2008, the United States Probation office filed a petition indicating that Davis violated his supervised release due to the conviction in the Court of Common Pleas of Allegheny County.

On April 4, 2008, the Western District of Pennsylvania held a hearing on the violation. At the hearing, the court revoked Davis' supervised release. On April 10, 2008, the court sentenced him to a period of 24 months incarceration, to run consecutively with his state court sentence.

On April 20, 2010, the Superior Court of Pennsylvania overturned Davis' conviction of Possession With Intent to Distribute a Controlled Substance (cocaine base) and found that Davis' conduct was, instead, that of simple possession in violation of 35 P.S. § 780-113(a)(16). See Commonwealth v. Davis, No. 1361 WDA 2009 (Pa. Super. 2009) (Exhibit A).

Davis contends that because he was successful in attacking [his] state sentence, he may then apply for the reopening of any federal sentence enhanced by the state sentence. He also contends that his supervised release hearing should be reopened because his conviction of Possession With Intent to Distribute a Controlled Substance (cocaine base), which was a Grade A felony violation rather then a Grade B felony violation of simple

2

possession, was an important factor in the court's sentencing decision at the supervised release violation hearing. [Doc. No. 155]. Finally, he asserts that he did not attack the validity of his conviction at the original supervised release hearing because the court requires that he attack his conviction at the state level first. Therefore, Davis contends that arguing that his state court conviction was an invalid basis to enhance the sentence in federal court, prior to collaterally attacking it in state court, would have been a frivolous argument and a waste of the court's time and resources during the time of the supervised release violation hearing. [Doc. No. 157].

Conversely, the government contends that Davis' motion to reopen the supervised release violation hearing should be denied. First, the government argues that Davis failed to cite any legal authority allowing a court to reopen such a hearing. [Doc. No. 156, p.2]. Second, the government asserts Davis did not attack the validity of his sentence at the original supervised release violation hearing and thus has waived the right to apply for reopening his violation hearing in the future. Third, the government asserts that "the sentence imposed by this court at Davis' supervised release violation remains the appropriate sentence" for Davis' violation irrespective of whether he was

convicted of "possession with intent to distribute" or merely "simple possession." [Id. at p.3].

In particular, the government contends that for Davis (who has multiple prior felony drug convictions), the penalty for simple possession of crack cocaine is "imprisonment not exceeding three years," see 35 P.S. §780-113(b), and is a sentence that qualifies as a Grade B felony Violation. See U.S.S.G. §7B1.1(a)(2). The advisory sentencing guidelines range for such a violation for Davis (who has a Criminal History Category of VI) is 21 to 27 months. See U.S.S.G. §7B1.4(a). The statutory maximum period of incarceration for Davis on a supervised release violation is 2 years.[1] The government, therefore, contends that the 24 month sentence that was imposed remains the appropriate sentence.

Title 28, United States Code, Section 2255 ¶ 1 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] Because defendant's prior federal convictions, for which his sentence included a supervised release, were Class C felonies, the statutory maximum period of incarceration for Davis on a supervised release violation was 2 years. See 18 U.S.C. § 3583(e)(3).

4

28 U.S.C. § 2255, et. seq. However, unless the claim to vacate set aside or correct the sentence alleges a lack of jurisdiction or constitutional error, the scope of collateral attack is limited. Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'fundamental defect which inherently results in a complete miscarriage of justice.'" U.S. v. Addonizio, 442 U.S. 178, 185 (D. N.J. 1979) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

Likewise, the seminal case that addresses the reopening of a supervised release violation is Custis v. U.S., 511 U.S. 485 (1994). In Custis, the United States Supreme Court held that "unless a defendant in a federal sentencing proceeding was claiming a violation of his right to counsel, he had no right at that time to make a collateral attack on prior state convictions." Custis, 511 U.S. at 497. The Court of Appeals for the Third Circuit has held that if a federal defendant has, in state court, successfully attacked a prior state conviction previously used to enhance his federal sentence, the district court may reopen and reduce his federal sentence in a federal habeas corpus proceeding. Young v. Vaugh, 83 F.3d 72, 77 (3d Cir. 1996); see also U.S. v. Ospina-Pineda, 332 Fed. Appx. 584, 586 (11th Cir. 2009).

However, the holding in Custis is intended to apply very narrowly and generally only in cases where defendant also pleads ineffective assistance of counsel. Thus, the Supreme Court and its lower courts have left it to the district judges' discretion[2] as to whether to reopen a federal supervised release violation sentence when the state court has subsequently vacated the state conviction. See e.g., Daniels v. U.S., 532 U.S. 374, 382 (2001); United States v. Gadsen, 332 F.3d 224, 228 (4th Cir. 2003).

In the present case, the district court did not lack jurisdiction or a commit constitutional error when it sentenced Davis to 24 months imprisonment upon the revocation of his supervised release. Moreover, Davis identifies no procedural error or fundamental defect committed by the district court, which expressly considered the evidence and argument presented by the parties, Chapter VII of the Guidelines, the nature and severity of Davis' offenses, and the other 3553(a) factors.[3]

---

[2] Note the court in Custis and its progeny expressed "no opinion on the appropriate disposition of such an application." Custis, 511 U.S. at 497.

[3] The government incorrectly argues that the defendant failed to cite to case law in attempting to reopen his supervised release hearing. Davis does cite to the Custis line of cases. As to the Government's argument that the rationale of the Custis line of cases does not apply to this situation, one federal district court has opined that "Congress's failure to address the issue of convictions that are set aside after sentencing should not be interpreted as a prohibition on resentencing." Pettiford v. United States, No. 94-12626, 1995 WL 464920, at *9 (D. Mass. July 20, 1995)

Moreover, Davis' state sentence has not been vacated; it has only been downgraded. The case law supports the rule that courts may reopen a supervised release hearing and resentence a defendant when a state court conviction has been collaterally attacked and vacated. That is not the case here and, thus, the revocation of his supervised release still stands.

Lastly, defendant's current sentence is appropriate. Here, the sentence for simple possession qualifies as a Grade B felony violation, see U.S.S.G. §7B1.1(a)(2), and the advisory sentencing guidelines range for such a violation for Davis (who, as explained above, has a Criminal History Category of VI) is 21 to 27 months. See U.S.S.G. §7B1.4(a). The advisory sentencing guidelines range for the previous Grade A felony violation for Davis is 33 to 41 months. The court sentenced defendant to 24 months, which is below the sentencing guideline range for a Grade B felony violation and below the statutory maximum period for a supervised release violation.

For the foregoing reasons, we hold that defendant's current sentence is appropriate and his Section 2255 motion will be denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>GARY DAVIS, )<br>)<br>Defendant. ) | Criminal No. 01-0111 |

ORDER

AND NOW this 25th day of April, 2011, upon consideration of defendant's Motion to Reopen Supervised Release Violation Hearing [Doc. No. 155], IT IS HEREBY ORDERED THAT defendant's motion is DENIED, with prejudice.

BY THE COURT:

_____, C.J.

cc: All counsel of record